**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Tia Mi'shia Kelley and Sincere Bostic, Defendants,

Of whom Tia Mi'shia Kelley is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2021-000345

---

Appeal From Greenville County
Karen F. Ballenger, Family Court Judge

---

Unpublished Opinion No. 2022-UP-152
Submitted March 16, 2022 – Filed March 24, 2022

---

**AFFIRMED**

---

Kimberly Yancey Brooks, of Kimberly Y. Brooks, Attorney at Law, of Greenville, for Appellant.

Amanda Stiles, of South Carolina Department of Social Services, of Greenville, for Respondent.

Don J. Stevenson, of Don J. Stevenson, Attorney at Law, of Greenville, for the Guardian ad Litem.

---

**PER CURIAM:** Tia Mi'shia Kelley (Mother) appeals a family court order terminating her parental rights to her minor children (Children).  On appeal, Mother argues the family court erred in finding (1) she failed to remedy the conditions that caused Children's removal and (2) termination of parental rights (TPR) was in Children's best interests.  We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  Although this court reviews the family court's findings de novo, it is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *See Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011).

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the children's best interests.  S.C. Code Ann. § 63-7-2570 (Supp. 2021).  The grounds must be proved by clear and convincing evidence*.  S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

The family court found clear and convincing evidence supported three statutory grounds for TPR.  Because Mother appealed the family court's finding as to only one of the grounds, the family court's findings on the other two grounds are the law of the case.  *See Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 653-54 (2006) (holding an "unappealed ruling is the law of the case and requires affirmance").  Therefore, we now turn to whether TPR is in Children's best interests.

Viewed from Children's perspectives, we hold TPR is in their best interests.  At the time of the TPR hearing, Mother did not have adequate housing because her current roommate had prior involvement with the Department of Social Services (DSS).  Additionally, DSS determined a previous roommate was not appropriate due to issues with a background check, and the DSS case worker testified Mother moved at least ten times during the pendency of the case.  We acknowledge Mother stated she was on a waiting list for housing through a DSS-recommended organization and also had a potential home through one of Children's father's relatives.  However, Mother did not offer an estimate of the time frame in which she might be able to procure a home through the organization, and Mother acknowledged she had never spoken to the relative or seen the relative's home.

Further, although Children were not in pre-adoptive placements, the case worker and the guardian ad litem (GAL) testified Children were doing well in their respective placements, another relative was interested in adopting Children together, and even if the relative was unable to adopt Children, the case worker and the GAL had no concerns regarding Children's potential to be adopted. Moreover, even though Mother testified Children were bonded with her, she acknowledged Children had not lived in her home since 2017. Finally, the DSS case worker and the GAL testified they believed TPR was in Children's best interests. Based on the length of time Mother had to secure adequate housing for Children, her failure to do so, and her uncertain prospects for the same, we hold TPR is in Children's best interests.

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.